# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TEMPLE UNIVERSITY HOSPITAL, INC. | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 16-1073 |
| | : | |
| THE UNITED STATES OF AMERICA | : | |

**KEARNEY, J.**                                                                                                  **June 9, 2017**

## MEMORANDUM

After carefully deciding not to join the United States as a co-defendant in an underlying medical negligence case partially arising from a deemed federal employee doctor's negligent care of an expectant mother, Temple University Hospital, Inc. ("Hospital") now turns around and asks we amend our Findings of Fact and Conclusions of Law to award it interest and attorney's fees on the $4 million judgment entered in its favor and against the United States on its contribution claim. The Hospital admittedly cannot cite a legal basis for us to craft an interest and attorney's fee award under either the Pennsylvania contribution statute or the Federal Tort Claims Act under which it sued the United States. Absent governing law, the Hospital appeals to our equitable powers to compel the United States to pay 6% interest on money it never knew the Hospital agreed to pay to settle a medical negligence case with uncertain damage ranges at trial and share in attorney's fees and costs paid to Hospital lawyers for a case the United States never had a chance to defend. We find no basis to create remedies in statutes not otherwise adopted as the public policy of the United States or the Commonwealth. Having already denied these

requests in our Findings of Fact and Conclusions of Law, and absent reasons to retreat from our earlier analysis, we again deny the Hospital's request for interest and attorney's fees.

## I. Background

After a non-jury trial, we issued Findings of Fact and Conclusions of Law under Fed. R. Civ. P. 52(a) finding Dr. Clinton Turner, a deemed federal employee working in the Hospital, shared equal responsibility with nurses for breaching a standard of care causing birth injuries to minor J.M. Finding the Hospital's $8 million settlement of the underlying action brought by J.M. and parents in the Philadelphia Court of Common Pleas to be reasonable, we entered a $4 million judgment in favor of the Hospital on its contribution claim and against the United States. We specifically found no basis for prejudgment interest or attorney's fees and costs allegedly incurred by it in the underlying case in which it decided to defend without adding the United States as a co-defendant.

The Hospital now moves under Fed.R.Civ.P. 52(b) to amend our Findings of Fact and Conclusions of Law and Judgment and award it: (1) $635,178.08 in pre-judgment interest accrued on the $4 million settlement at Pennsylvania's statutory interest rate of 6%; and (2) $83,429.07 representing one half of the attorney's fees and costs it incurred in defense of the underlying medical negligence action. We decline to do so.

## II. Analysis

Federal Rule of Civil Procedure 52(b) provides "[o]n a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings - or make additional findings - and may amend the judgment accordingly." A Rule 52(b) motion allows an appellate

2

court to draw from the record "a correct understanding of the factual issues determined by the trial court as a basis for the conclusions of law and the judgment entered thereon."[1] The motion is "not a vehicle for relitigation of issues previously adjudicated."[2] It may not "be employed to introduce evidence that was available at trial but was not proffered, to relitigate old issues, to advance new theories, or to secure a rehearing on the merits."[3] The purpose of Rule 52(b) "is to allow the court to correct plain errors of law or fact, or, in limited situations, to allow the parties to present newly discovered evidence."[4] The standard is similar to a motion for reconsideration or to alter judgment under Rule 59(e).[5]

### A. Hospital does not offer new grounds to amend our considered judgment.

Hospital admits we correctly concluded the Pennsylvania Uniform Contribution Among Tort-feasors Act ("Act")[6] governs contribution claims under Pennsylvania law, and we correctly concluded the language of the Act does not mention interest, attorney's fees, and costs. Nevertheless, Hospital argues we should amend the judgment to include interest, attorney's fees, and costs based on equity. The Hospital made this same argument in its proposed Findings of Fact and Conclusions of Law, an argument we rejected. We concluded the Act does not provide for interest, costs, or attorney's fees. We decline to use our equitable powers to amend our judgment entered consistent with the law.

Our Judgment relied upon interpreting the Act to avoid crafting judge-made remedies onto a statute. Contribution is a creature of statute in Pennsylvania. Pennsylvania's General Assembly provided a statutory right to contribution from joint tortfeasors who are "entitled to a money judgment for contribution" where it "has by payment discharged the common liability or

3

has paid more than his pro rata share thereof."[7] The language of the Act does not provide for an award of interest or attorney's fees and costs.

The Commonwealth's General Assembly did not define a public policy of awarding attorney's fees, costs, and prejudgment interest when succeeding on a statutory contribution claim. Under Pennsylvania law, "the touchstone of interpreting statutory language is to ascertain and effectuate the intent of the legislature."[8] The Pennsylvania Supreme Court directs "a statute's plain language generally provides the best indication of legislative intent."[9] "[W]here the language of a statute is clear and unambiguous, a court may not add matters the legislature saw fit not to include under the guise of construction."[10] For the reasons explained in our Findings of Fact and Conclusions of Law, we decline to exercise equitable powers to read into the Act an award of interest, attorney's fees, and costs where the Pennsylvania's public policy does not so allow.

### B. We decline to craft an interest remedy not authorized by the Federal Tort Claims Act.

While admitting the lack of authority in the Act, the Hospital argues equity requires an award of interest, attorney's fees, and costs, and the United States has a quasi-contractual obligation to pay the Hospital for lost time value of money, costs, and fees it advanced when it settled the underlying action. The Hospital relies primarily on *Nationwide Mut. Ins. Co. Philadelphia Elec. Co*[11] which did not arise under the Federal Tort Claims Act ("FTCA")[12] and involved distinct co-defendant unjust enrichment issues which do not apply to the Hospital's claim.[13]

We are not persuaded by the Hospital's reliance on a district court's extension of remedies four decades ago in *Nationwide Mutual*, which did not involve claims against the

4

United States. Judge Broderick's use of equity to broadly interpret Pennsylvania's statutory contribution arose where the plaintiff sued all responsible parties and an insurance company settled the claims for all named defendants and then turned and sued the other defendants who knowingly benefited from the insurer's payment. The other defendants benefitting from the insurance company's settlement payment already faced a lawsuit, attorney's fees and potential judgment. We do not face the same equitable arguments. The underlying plaintiff J.M. did not sue Dr. Turner or the United States. The Hospital, after extended lawyer consideration described in our Findings of Fact, purposefully decided against bringing the United States into the underlying negligence action. [14] It agreed to pay its attorney's fees and possible interest costs alone when it proceeded without adding the federal physician at the center of the alleged negligence and later settling for $8 million. If anything, our holding today is closer to the 1973 case, *W.D. Rubright Company v. International Harvester Company*[15] relied upon by Judge Broderick in *Nationwide Mutual* in which Judge Scalera denied interest on a later contribution claim where the underlying personal injury action is incapable of an objective damages calculation at the outset. As shown during our trial, the parties continue to disagree as to an objective calculation of the damages which J.M. could have recovered in state court.

Even if we faced facts similar to *Nationwide Mutual* and we ventured into the "principles of equity and natural justice"[16] or a "quasi-contractual right"[17], the FTCA does not permit such an award of interest. The United States is immune from suit unless it consents to be sued.[18] "The FTCA operates as a limited waiver of the United States' sovereign immunity."[19] Section 2674 of the FTCA provides the United States "shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under

5

like circumstances, *but shall not be liable for interest prior to judgment or for punitive damages.*"[20] The FTCA vests jurisdiction in the district courts for claims against the United States "for money damages, . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under the circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."[21]

### C. We find no basis for an award of attorney's fees.

As with interest, the United States is not liable for attorneys' fees or costs. The Hospital offers no authority for an award of attorney's fees allegedly incurred in defending the underlying negligence case under either the Act or the FTCA.

Our research uncovered two schools of thought on attorney's fees in FTCA cases. First, several courts of appeals have held the successful plaintiff is not entitled to attorney's fees incurred in prosecuting the FTCA case against the United States.[22] The courts rely upon the FTCA's strict limit on the amount of contingency fees which successful plaintiff's counsel can recover from the judgment. The FTCA does not authorize payment of additional "damages." Absent other authorization, these courts of appeals decline to award attorney's fees incurred in bringing the FTCA claim. At least one other court of appeals distinguished claims for underlying attorney's fees and found the FTCA did not prohibit a plaintiff from recovering her attorney's fees as part of her underlying damages when state law permitted attorney's fees as part of the underlying state law claim.[23]

6

While not clear in the Second Amended Complaint, we can liberally interpret the Hospital's claim for contribution as seeking payment towards the amount paid to J.M. and for attorneys' fees.[24] Contribution, almost by definition, connotes sharing in a payment made to the injured party. Attorneys' fees and costs paid to the Hospital lawyers do not fit within this classic understanding. This understanding is confirmed by the Act, which does not mention attorney's fees incurred in the underlying action as part of a contribution remedy. As a matter of equity, we also lack a basis to find the Hospital would not have incurred these fees in its own defense and we should not compel the United States to pay attorney's fees for the Hospital's defense.

Lastly, even assuming we follow the reasoning of the Court of Appeals for the District of Columbia in *Tri-State Hospital Supply*, we are not aware of Pennsylvania law allowing a factfinder to award attorney's fees as part of a negligence award. To the contrary, absent a statutory grant, underlying attorney's fees are not part of a Pennsylvania negligence verdict but, as in *Tri-State Hospital Supply*, they are part of a malicious prosecution or abuse of process claim in Pennsylvania as well. The plaintiff's attorney's fees in a medical negligence case are customarily paid from the settlement amount. The FTCA recognizes this reality by limiting a contingency fee paid to a lawyer recovering from the United States under the FTCA.[25] Absent some legal basis to award a portion of attorney's fees paid to defend itself in a medical negligence case, we will not craft this extraordinary departure from the unambiguous Act and FTCA.

### III. Conclusion

We earlier found the United States must pay one-half of the settlement paid to J.M. arising from its federally deemed physician's equal liability for a departure from the standard of care. The Hospital sought this recovery under Pennsylvania contribution statute which does not

7

authorize "contributing" to any amount other than the sums paid to the plaintiff. The Hospital has not persuaded us to exercise our equitable powers outside of the statutory mandates in the Act and FTCA. It has not shown grounds allowing us to reconsider or amend our extensive Findings of Fact and Conclusions of Law. We deny its motion to amend in the accompanying Order.

---

[1] 9C Charles Wright & Arthur Miller, *Federal Practice & Procedure* § 2582 (3d 2017) (footnote omitted).

[2] *Wound Care Ctrs., Inc. v. Catalane*, No. 10-336, 2011 WL 3476612, at *2 (W.D. Pa. Aug. 9, 2011).

[3] *Allegheny Coupling Co. v. Betts Indus., Inc.*, No. 06-76, 2012 WL 4478309, at *2 (W.D. Pa. Sept. 27, 2012) (citing *Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1219 (5th Cir. 1986)).

[4] *Roadmaster (USA) Corp. v. Calmodal Freight Sys., Inc.*, 153 F.App'x 827, 829 (3d Cir. 2005).

[5] *See N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) ("holding that a proper motion to alter or amend judgment must rely on one of three major grounds" "(1) an intervening change in controlling law; (2) the availability of new evidence [not available previously]; or (3) the need to correct clear error [of law] or prevent manifest injustice"); *see also, Gutierrez v. Ashcroft*, 289 F.Supp. 2d 555, 561 (D.N.J. 2003) (relief under Rule 52(b) and Rule 59(e) "substantially similar").

[6] 42 Pa.C.S.A. §§ 8321-8327.

[7] 42 Pa.C.S.A. § 8324(b).

[8] *The Summit School, Inc. v. Commw. of Pa.., Dept. of Educ.*, 108 A.3d 192, 196 (Pa. Commw. 2015) (citing Pennsylvania's Statutory Construction Act, 1 Pa.C.S.§ 1921(a); *Colville v. Allegheny Cnty. Ret. Bd.*, 926 A.2d 424, 430-31 (Pa. 2007)).

8

⁹ *Commw. of Pa. v. Kingston*, 143 A.3d 917, 922 (Pa. 2016) (citations omitted)..

¹⁰ *Mohamend v. Commw., Dept. of Transp., Bureau of Motor Vehicles*, 40 A.3d 1186, 1194-95 (Pa. 2012) (citation omitted).

¹¹ 443 F.Supp. 1140 (E.D. Pa. 1977).

¹² 28 U.S.C. § 1346.

¹³ *Nationwide Mut. Ins. Co.*, 443 F.Supp. at 1151 (entering judgment in plaintiff insurer's favor and against joint tortfeasors on share of settlement including interest and costs, but not attorney's fees).

¹⁴ ECF Doc. No. 165, ¶122.

¹⁵ 358 F.Supp. 1388 (W.D.Pa. 1973).

¹⁶ *Nationwide Mut. Ins. Co.*, 443 F.Supp. at 1148.

¹⁷ *Id.* (citing P.L.E. Contribution §2.)

¹⁸ *White-Squire v. U.S. Postal Service*, 592 F.3d 453, 456 (3d Cir. 2010) (citing *U.S. v. Mitchell*, 445 U.S. 535, 538 (1980)).

¹⁹ *Id.*

²⁰ 28 U.S.C. §2674 (emphasis added).

²¹ 28 U.S.C. § 1346(b)(1).

²² *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685 (1983); *Anderson v. U.S.*, 127 F.3d 1190, 1191-92 (9ᵗʰ Cir. 1997); *Hull ex rel. Hull v. U.S.*, 971 F.2d 1499, 1509-10 (10ᵗʰ Cir. 1992); *Joe v. U.S.*, 772 F.2d 1535, 1537 (11ᵗʰ Cir. 1985).

²³ *Tri-State Hosp. Supply Corp. v. U.S.*, 341 F.3d 571 (D.C.Cir. 2003) (state law allows plaintiff to recover attorney's fees in a malicious prosecution or abuse of process claim as part of the underlying damages).

²⁴ The Hospital's pleaded claim for contribution seeks only judgment for a share of the funds paid to J.M. in the underlying action. It also mentions attorney's fees in the *ad damnum* clause and other locations. *See* ECF Doc. No. 19 at ¶¶ 29, 39. A fair reading of the Second Amended Complaint placed the United States on notice of the Hospital's claim for the underlying attorney's fees even if not specifically plead under a contribution count.

---

[25] Section 2678 of the FTCA provides for attorney's fees, but prohibits an attorney from "charg[ing], demand[ing], receiv[ing], or collect[ing] for services rendered, fees in excess of 25% of an judgment rendered pursuant to section 1346(b) of this title or to any settlement made pursuant to section 2677 of this title, or in excess of 20 per centum of any award, compromise, or settlement made pursuant to section 2673 of this title." 28 U.S.C. §2678.